FILED
2016 Dec-14  AM 08:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| GUY ALLBROOK, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| v. | ) | |
| | ) | |
| LVNV FUNDING, LLC, | ) | |
| | ) | |
| **Defendant.** | ) | |

## **COMPLAINT**

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant and states as follows:

1.     This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1], 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

2.     Defendant sued the Plaintiff for a debt Plaintiff did not owe.

3.     The lawsuit against Plaintiff was filed in a hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Plaintiff did not owe.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts of each statute.

4.   This is the pattern of collection activity by Defendant in its collection lawsuits in Alabama.

5.   The Plaintiff won the lawsuit.

## JURISDICTION

6.   Personal jurisdiction exists over Defendant as Defendant has the necessary minimum contacts with the State of Alabama and this suit arises out of Defendant's specific conduct with Plaintiff in Alabama.   All the actions described in this suit occurred in Alabama.

7.   Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

8.   Venue is proper as Defendant does business in this judicial district and because Plaintiff lives in this judicial district/is a citizen of this State.

## PARTIES

9.   Plaintiff Guy Allbrook (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

10.   Defendant LVNV Funding, LLC ("Defendant" or "LVNV[2]") is a foreign debt collection firm that engages in the business of debt collection in this judicial district in Alabama.  It is a "debt collector" under the FDCPA.  It is incorporated in Delaware and has its principal place of business is in Nevada.   Upon information and belief all LLC members are citizens of Delaware and/or Nevada.

11.   Defendant LVNV claims to buy defaulted consumer debt.

12.   Defendant LVNV sends collection notices to consumers, makes collection calls to consumers, or has other debt collectors do these actions on behalf of Defendant LVNV.

## RECOGNITION BY CONGRESS OF THE WIDESPREAD ABUSE BY COLLECTORS

13.   Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.

14.   Congress recognized that there are four social ills caused by abusive debt collection:   (1) Unnecessary personal bankruptcies; (2) Marital instability; (3) Loss of jobs; and (4) Invasions of individual privacy.

---

[2] "LVNV" means LVNV directly or through its debt collectors, employees and agents who credit reported against Plaintiff, or otherwise took any collection action against Plaintiff.

15.   Congress also found that it is fundamentally unfair for the abusive collection agencies to have an unfair competitive advantage over those honorable debt collectors that decide to obey the law and follow the rules.

16.   15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

> (a)   There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.
>
> (b)   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.
>
> (c)   **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.
>
> (d)   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.
>
> (e)   It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added]

### The Small Claims Court Complaint

17.   On January 2, 2013, Defendant LVNV sued Plaintiff in the Small Claims Court of Shelby County, Alabama, with a case number of SM-2013-900001.

4

18. The Holloway & Moxley collection law firm, out of Montgomery, filed this suit.

19. In this suit, Defendant LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff.

20. Defendant LVNV alleged Plaintiff owed LVNV $2,864.87.

21. Defendant LVNV also claimed court costs.

22. The original creditor is not even listed in the lawsuit.

23. The suit has a warning to the Plaintiff who was sued, that if Plaintiff failed to respond, a judgment might be entered against Plaintiff.

24. Defendant LVNV knew and knows that Plaintiff has never done business with Defendant LVNV.

25. This lawsuit, and the other Alabama lawsuits filed by LVNV every year, was filed with the intention of getting settlements from pro se consumers and default judgments on debts that Defendant LVNV cannot and will not prove it has any right to collect on.

26. Defendant LVNV knew or should have known the statute of limitations had expired and the suit was improper.

27. Even if, for the sake of argument, the debt was ever owed to the unidentified original creditor or even down the line to "LVNV," it was owed more than

three (3) years before suit was filed and it was also over six (6) years from the time suit was filed.

28. The contract that created the alleged debt (known as the Purchase Agreement or Purchase Sales Agreement), a document never revealed inside or outside of court to Plaintiff by LVNV, may hold that another State's laws control so the statute of limitation on a collection may very well be shorter than the time period allowed by Alabama.

29. In any event, LVNV knew what the statute of limitation was and decided to file and to continue to leave pending a lawsuit that was beyond the applicable statute of limitations.

30. Another intention of Defendant LVNV was to continue to allow the case to move towards trial with the intent that the Plaintiff would be intimidated into paying on a debt not owed and/or would not show up at trial and a default judgment would be entered.

31. Defendant LVNV knew Plaintiff did not owe the debt sued on.

32. Defendant LVNV made misrepresentations and false statements in the lawsuit (and in prior collection letters and/or calls) including that a debt was owed – Plaintiff owed none to Defendant LVNV.

33. Defendant LVNV misrepresented the amount owed when Plaintiff owed Defendant LVNV nothing on this account.

34. Defendant LVNV misrepresented the legal status of the debt as being owed when Plaintiff owed nothing to LVNV.

35. Defendant LVNV misrepresented that Defendant LVNV had standing and the right to bring the lawsuit when Defendant LVNV did not have standing and did not have the right to bring the lawsuit.

36. Defendant LVNV did not own the debt at the time the lawsuit was filed but it misrepresented that it did own the debt.

37. Defendant LVNV did not own the debt at any time the lawsuit was pending but it misrepresented that it did own the debt.

38. This bogus collection suit against Plaintiff was brought as part of a strategy and policy of scattershot litigation designed to sue Alabama consumers who do not owe the debt to Defendant LVNV in order to coerce or deceive the Alabama consumers into paying a debt not owed or to receive a judgment against the consumers, including Plaintiff.

## Plaintiff Answers The LVNV Lawsuit

39. Plaintiff did not and does not owe the debt to LVNV.

40. Shortly after being served in 2016 (over 3 years after suit was filed), Plaintiff filed an Answer denying the allegations of Defendant LVNV.

41. Plaintiff filed the Answer on August 29, 2016.

42. Defendant LVNV received a copy of this denial.

43.   Defendant LVNV understood that Plaintiff was refusing to pay on this debt.

44.   Defendant LVNV understood that Plaintiff disputed this debt from the answer to Defendant LVNV's lawsuit.

45.   Defendant LVNV knew Plaintiff did not owe this debt.

46.   Defendant LVNV made a conscious choice to continue to allow the lawsuit to move forward even though Defendant LVNV knew that there was no merit to the case, but Defendant LVNV sought to use the lawsuit and the court process to force Plaintiff to pay money on a debt Plaintiff did not owe to Defendant LVNV.

47.   By Order of August 31, 2016, the case was set for Trial on October 6, 2016.

### LVNV Loses The Collection Case

48.   On October 6, 2016, District Judge John H. Alsbrooks entered a judgment for Plaintiff Guy Allbrook.

49.   Defendant LVNV offered no admissible evidence that Plaintiff owed Defendant LVNV or that Defendant LVNV owned the debt sued on.

50.   Defendant LVNV did not appeal the judgment against it.

51.   This ended the case Defendant LVNV filed against Plaintiff.

### Defendant LVNV Falsely Credit Reports on Plaintiff's Credit

52.   Based upon information and belief, credit reporting by Defendant LVNV that Plaintiff owed this debt to LVNV occurred.

53. Defendant LVNV knew, or should have known, that its credit reporting was false, violating 15 USC § 1692e(8) and state law as Defendant LVNV knew that Plaintiff did not owe Defendant LVNV any money on this debt, and certainly not the amount credit reported.

54. Defendant LVNV knew that Defendant LVNV did not own the debt being credit reported but yet it started and continued to credit report on this debt.

55. Defendant LVNV knew this debt was disputed but refused to report this.

56. The reason for the false credit reporting was to attempt to force the Plaintiff into paying a debt not owed as LVNV understands that credit reporting is one of the most powerful ways to force a consumer to pay a debt, even a debt that is not owed.

## Remaining Factual Allegations Against Defendant LVNV

57. Defendant LVNV has collected (by letter, calls, credit reporting and the collection suit) against Plaintiff when Plaintiff did not owe any money to Defendant LVNV on this account, which violates the alleged agreement creating this debt as the agreement does not allow for collecting a non existent debt from anyone or a debt that is zero from anyone, including Plaintiff.

58. Defendant LVNV has misrepresented the debt to Plaintiff, including the amount of the debt, as none is owed.

59.   Defendant LVNV has misrepresented the debt to Plaintiff, including the legal status of the debt, as none is owed.

60.   Defendant LVNV has taken action it knows is illegal including suing on a debt it knew Plaintiff did not owe, suing after the statute of limitations has expired, proceeding to trial when Defendant LVNV knew at the time and continues to know that it has no right to proceed to trial on a debt it does not own and that Plaintiff does not owe, falsely credit reporting a debt that Plaintiff does not owe, and sending (or having sent on its behalf) collection letters and/or collection calls.

61.   Defendant LVNV knew that by its conduct described in this Complaint that the natural consequence – the desired consequence – would be that Plaintiff (and all others similarly situated) would be harassed, oppressed, and abused by the collection calls and/or letters, filing of a meritless lawsuit, the filing of a lawsuit on a debt not owed by Plaintiff, the filing of a lawsuit when Defendant LVNV did not own the debt, the filing of a lawsuit after the statute of limitations has expired, by false credit reporting, by misrepresenting numerous facts in the lawsuit and in collection calls and/or letters, and by all other wrongful acts described in this Complaint.

62.   The debt being collected is a consumer debt as defined by the FDCPA.

63.   Plaintiff is a "consumer" as defined by the FDCPA.

64. Defendant LVNV is a "debt collector" as defined by the FDCPA as when it allegedly received the supposed debt owed by Plaintiff, the alleged debt was in default and the collecting of alleged defaulted debt is a major part of the business of Defendant LVNV.

65. Defendant LVNV knows that the alleged agreement forming the alleged debt does not allow Defendant LVNV to collect against persons, such as Plaintiff, who do not owe Defendant LVNV any money.

66. Defendant LVNV knows that the alleged purchase agreement disclaims all accuracy of the accounts allegedly sold to it and disclaims the accuracy of the associated account records.

67. Defendant LVNV has full knowledge of what it is doing by filing bogus lawsuits and illegal credit reporting – it is a sophisticated debt collector (debt buyer) and the decisions outlined in this Complaint and that will be shown through discovery were not "rogue" or "outlier" decisions but instead represent a well thought out plan and scheme to take money from Alabama consumers (including Plaintiff) that Defendant LVNV has no right to take under state law and under the FDCPA.

68. Defendant LVNV knows that it is suing Alabama consumers (including Plaintiff) who do not owe the debts being sued upon.

69.   Defendant LVNV knows that it is suing Alabama consumers (including Plaintiff) on debts that Defendant LVNV does not own which Defendant LVNV knows is not allowed in Alabama.

70.   Defendant LVNV is counting on the fact that many Alabama consumers (including Plaintiff) will not answer and so default judgments will be entered.

71.   This type of "scattershot" litigation strategy is improper, deceptive, and abusive as it is fundamentally unfair and deceptive to sue consumers (including Plaintiff) who do not owe the debt and it is also improper to sue when there is no intention of proving the lawsuit filed.

72.   Defendant LVNV knows that its "scattershot litigation" is improper but it has decided that this is the most effective way (as opposed to only making collection calls, sending collection letters, and credit reporting) to obtain money from Alabama consumers who do not owe the money to Defendant LVNV.

73.   The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

74. It is a practice of the Defendant LVNV to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

75. All actions taken by employees, agents, servants, or representatives of any type for the Defendant LVNV were taken in the line and scope of such individuals' employment, agency or representation.

76. At no time has Defendant LVNV told or implied to Plaintiff that any conduct by any agent or employee of Defendant LVNV was outside the line and scope of such employment or agency.

77. This includes collection counsel and any outside collection agency for Defendant LVNV who in all ways conducted themselves in the line and scope of their agency and representation of Defendant LVNV.

78. All actions taken by the Defendant LVNV were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FDCPA and/or state law and/or that they knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

79. Defendant LVNV has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and/or credit reports and as such

Defendant LVNV is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

80.    Defendant LVNV is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by their collection employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

81.    At no time before the collection suit, during the collection suit, after the collection suit, or even up to the date this Complaint is filed, has Defendant LVNV directly or indirectly, expressly or implicitly, apologized to the Plaintiff for the conduct described in this Complaint which demonstrates that the conduct described was not accidental or unintentional but instead was intentional.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692d

82.    Section 1692d states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

83.   Defendant LVNV violated Section 1692d by collecting this debt as alleged in this Complaint in paragraphs 1-81.

84.   The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTIONPRACTICES ACT
## 15 U.S.C. § 1692e

85.   Section 1692e prohibits, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section."

86.   Defendant LVNV violated Section 1692e by collecting this debt as alleged in this Complaint in paragraphs 1-81.

87.   The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT III.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2)

88.   Section 1692e(2) prohibits, "The false representation of the character, amount, or legal status of any debt;"

89.   Defendant LVNV violated Section 1692e(2) by collecting this debt as alleged in this Complaint in paragraphs 1-81.

90.   The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT IV.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(8)

91.   Section 1692e(8) prohibits, "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed."

92.   Defendant LVNV violated Section 1692e(8) by collecting this debt as alleged in this Complaint in paragraphs 1-81.

93. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT V.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692e(10)

94. Section 1692e(10) prohibits, "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

95. Defendant LVNV violated Section 1692e(10) by collecting this debt as alleged in this Complaint in paragraphs 1-81.

96. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VI.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f

97. Section 1692f states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

98. Defendant LVNV violated Section 1692f by collecting this debt as alleged in this Complaint in paragraphs 1-81.

99. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VII.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692f(1)

100. Section 1692f(1) forbids, "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

101. Defendant LVNV violated Section 1692f(1) by collecting this debt as alleged in this Complaint in paragraphs 1-81.

102. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT VIII.

### INVASION OF PRIVACY

103.   Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant LVNV violated Alabama state law as described in this Complaint in paragraphs 1-81 and in the paragraphs of this Count.

104.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

105.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

106. Defendant LVNV intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

107. Defendant LVNV intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

108. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

109. The conduct of Defendant LVNV, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendant LVNV which occurred in a way that would be highly offensive to a reasonable person in that position.

110. This conduct includes the filing of a public lawsuit against Plaintiff.

111. A public lawsuit that has no merit and Defendant LVNV knew at the time it filed the lawsuit that it had no merit.

112. Defendant LVNV has continued to publicly state through credit reporting that Plaintiff owes the debt to Defendant LVNV when Defendant LVNV knows this is untrue.

113. All of the wrongful acts described in this Complaint (paragraphs 1-81 and in the paragraphs of this Count) demonstrate the wrongful scheme, plan, and design of Defendant LVNV in its campaign of improper debt collection, which has led to the Plaintiff's privacy being invaded.

114. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

115. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant LVNV.

116. All acts of Defendant LVNV were committed with malice, intent, wantonness, and/or recklessness and as such Defendant LVNV is subject to punitive damages.

## COUNT IX.

### NEGLIGENT HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

117. Defendant LVNV's collectors are allowed and encouraged to break state law in order to collect debts.

118. This includes all of the violations of the law described in this Complaint in paragraphs 1-81 and in the paragraphs of this Count.

119. Defendant LVNV is aware of the wrongful conduct of its collectors.

120. Defendant LVNV negligently hired, trained, retained or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant LVNV is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

121. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a plan to be negligent in allowing incompetent collectors to run wild and damage Plaintiff while Defendant LVNV sat back to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

122. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT X.

## WANTON HIRING, TRAINING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

123. Defendant LVNV's collectors are allowed and encouraged to break state law in order to collect debts.

124. This includes all of the violations of the law described in this Complaint in paragraphs 1-81 and in the paragraphs of this Count.

125. Defendant LVNV is aware of the wrongful conduct of its collectors.

126. Defendant LVNV wantonly hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant LVNV is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

127. Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of a well orchestrated design and plan of wantonly allowing incompetent collectors to run wild and damage Plaintiff while Defendant LVNV sat back

to reap the rewards of the wrongful conduct it had sowed.  The details of this will come out in discovery.

128.  The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XI.

### INTENTIONAL HIRING, TRAINING, AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

129.  Defendant LVNV's collectors are allowed and encouraged to break state law in order to collect debts.

130.  This includes all of the violations of the law described in this Complaint in paragraphs 1-81 and in the paragraphs of this Count.

131.  Defendant LVNV is aware of the wrongful conduct of its collectors.

132.  Defendant LVNV intentionally hired, trained, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant LVNV is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

133.  Plaintiff does not, without discovery, know the details of the incompetent hiring, training, and supervision of debt collectors but it is reasonable to infer

this as there is no other explanation for how a large debt buying company which is a "leader" in the industry, with countless compliance employees and lawyers, could possibly allow the wrongful conduct alleged, unless this was part of an intentional well orchestrated design and plan of allowing incompetent collectors to run wild and damage Plaintiff while Defendant LVNV sat back to reap the rewards of the wrongful conduct it had sowed. The details of this will come out in discovery.

134. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XII.

## WANTON CONDUCT

135. Defendant LVNV had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

136. Defendant LVNV had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

137. Defendant LVNV acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint in paragraphs 1-81 and in the paragraphs of this Count.

138. Defendant LVNV violated all of the duties Defendant LVNV had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

139. It was foreseeable, and Defendant LVNV did in fact foresee it, the each and every action of Defendant LVNV (filing a bogus lawsuit, filing after the statute of limitations had expired, and false credit reporting) would lead and did lead to the exact type of harm suffered by Plaintiff.

140. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## COUNT XIII.

## MALICIOUS PROSECUTION AGAINST DEFENDANT LVNV

141. Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so as Plaintiff did not owe Defendant LVNV the debt sued upon.

142. Defendant LVNV continued to prosecute the case with no reasonable basis to do so as Plaintiff did not owe Defendant LVNV the debt sued upon.

143. Defendant LVNV filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if

Plaintiff did not answer the suit. While this failed, the attempt by Defendant LVNV shows the malice against Plaintiff.

144. Defendant LVNV instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant LVNV money on a non-existent debt.

145. The malicious plan of Defendant LVNV included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and/or seizures of property and the Defendant LVNV tried to accomplish this by the Defendant LVNV's malicious and abusive actions.

146. Throughout the entire illegal lawsuit against Plaintiff, Defendant LVNV knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant LVNV knew it was not entitled to receive.

147. The litigation against Plaintiff filed by Defendant LVNV eventually resulted in adjudication in favor of Plaintiff on September 12, 2016.

148. The illegal and improper actions of the Defendant LVNV constitute malicious prosecution and this cause of action is supported by paragraphs 1-81 and in the paragraphs of this Count.

149. This is the pattern and practice of Defendant LVNV – to file suits with no basis in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant LVNV.

150. The conduct of the Defendant LVNV has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, attorney fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**


**Serve defendant via certified mail at the following address:**

LVNV Funding, LLC
c/o CSC Lawyers Incorporating SVC Inc.
150 South Perry Street
Montgomery, Alabama 36104